## John Battles *versus* Alpheus Fobes Junior.

Parol evidence is admissible to prove the time at which a specialty is actually executed.

In the case of a general assignment by an insolvent debtor in trust for the benefit of his creditors, purporting to be made by and between the debtor, the trustees, and those of the creditors who shall execute the instrument within a fixed period from its date, and containing a release to the debtor, a creditor who executes the instrument after such period has elapsed, is not a party to it, and his claim is not affected by the release.

Assumpsit on a promissory note. At the trial, before *Dewey* J., the defendant relied for his defence, on a release contained in an indenture of assignment made by the defendant to trustees for the benefit of his creditors, and in fact executed by the plaintiff. By the terms of the instrument, it was an indenture between the defendant, of the first part, the trustees, of the second, and creditors who should execute it within sixty days from its date, of the third.

The plaintiff claimed to avoid the effect of the release, by showing that the actual execution of the instrument, on his part, took place a week or two weeks after the sixty days had expired. But this fact did not appear on the instrument itself.

If, in the opinion of the Court, the fact above relied on, would legally avoid the effect of the release, a new trial was to be granted ; otherwise the plaintiff was to become nonsuit.

*Eddy* and *Warren*, for the plaintiff, cited *Phenix Bank* v. *Sullivan*, 9 Pick. 410 ; *American Bank* v. *Doolittle*, 14 Pick. 123.

*Oct. 23d.*

*W. Baylies*, for the defendant. It was not competent for the plaintiff to prove that he did not sign the instrument within sixty days. By executing, he adopted the date and is estopped by it. But if the time of his signing had appeared on the face of the deed, he would still be bound by the release, although he might not be entitled to a dividend.

*Warren* replied, that the dividend was the sole consideration for the release.

The opinion of the Court was delivered by

*Oct. 26th.*

Shaw C. J. The Court are of opinion, that the fact relied on by the plaintiff, avoids the effect of the release, by showing

that although he signed the instrument, he never became a party to it.

In the first place, we think that the fact may be proved by parol evidence. In general the time of the execution of a specialty, may be so proved, and the date is not only not conclusive, but it is not such evidence in writing as excludes parol evidence. But *à fortiori* may this be done, where the instrument itself, although dated, contemplates a future period, within which it may be legally and effectually executed.

The instrument, an indenture *inter partes*, purports to be made by and between Fobes, of the first part, the trustees, of the second part, and those of the creditors of said Fobes, who shall subscribe their names and affix their seals hereto within sixty days from the date of these presents, of the third part. Nothing could be more explicit. It was not the creditors generally, but those creditors coming within the precise description. No provision was made that the assignees might assent to creditors coming in afterwards, and therefore an express consent of the assignees, were it proved, could not make the plaintiff's execution effectual. After the time limited had elapsed, the other creditors had vested rights to share the assigned property amongst themselves without further participation. The reason why those coming in within the time limited may share with the creditors who first execute, is, that by a provision in the instrument itself, to which they assent by their execution, they agree to share with all those who may come in within the time limited, and this agreement is binding. A creditor signing after the time limited is not a party. *Phenix Bank* v. *Sullivan*, 9 Pick. 410. He can neither take its benefits, nor is he bound by its obligations. Suppose that each execution were dated, and the plaintiff's bore date after the sixty days ; it would appear on the face of the instrument itself, that he was not within its terms. As the plaintiff was not a party to the instrument, he was not affected by the release contained in it, and of course it is no valid defence to the defendant's note.

*New trial granted*